IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES A. DAVIS, and DEBRA A. DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>DODGE COUNTY SHERIFF, JUDGE GEOFFREY HALL, Dodge County District Judge; LAMSON, DUGAN, MURRAY, PLC, a Nebraska Professional Corp; and PAUL DAVIS CO., an unincorporated business entity;<br><br>Defendants. | **8:23CV221**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiffs James A. Davis' and Debra A. Davis' Complaint, Filing No. 1, and a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, filed by Plaintiff James A. Davis. Upon review of Plaintiff James A. Davis' Motion, the Court finds that he is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of the Complaint's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff James A. Davis ("Plaintiff") filed this action on behalf of himself and his spouse, Debra A. Davis ("Debra") (collectively the "Davises"), against Judge Geoffrey Hall of the District Court of Dodge County, Nebraska ("Judge Hall"); the Dodge County Sheriff; Lamson, Dugan, Murray, PLC, d/b/a/ Pentagon Federal Credit Union Legal Department ("Lamson Dugan"); and Paul Davis Company ("PDC").

Plaintiff indicates that the basis for the Court's jurisdiction is a federal question and alleges that this is a "RICO action (civil)." Filing No. 1 at 3. Plaintiff alleges the amount

in controversy is $8,000,000 and submits the following as his "Statement of Claim": "conspiracy to commit murder, murder for hire, fraud, theft, theft by coercion/deception, Bank Fraud, Insurance Fraud; Violation of Civil Rights[,] Battery/Wrongful Death." Id. at 4. As relief, Plaintiff asks the Court to "Stay all State Court proceedings & Allow disabled party to obtain counsel & proceed in Federal Court." Id. at 5.

Along with his Complaint, Plaintiff filed a 30-page Motion for Emergency Temporary Restraining Order. Filing No. 3. In the motion, Plaintiff seeks

> to prevent the May 27, 2023, Court ordered sale of the residence at 1643 North "I" Street in Fremont, Nebraska, as part of the continuing pattern of illegally taken real estate and foreclosures following the diagnoses of James Davis with Parkinson's disease and other major disabilities as stated herein, being the tenth parcel taken from the Davis[es] by Judge Hall of the Dodge County District Court.

Id. at 1. The remainder of the motion is rambling, disjointed, and difficult to decipher. As best the Court can tell, Plaintiff alleges that after he suffered serious health problems, a number of legal actions were filed against Plaintiff (or Plaintiff and Debra) over which Judge Hall presided and resulted in "taking approximately $9 million dollars in real property from James and Debra Davis." Id. at 4. One of these legal actions appears to involve Plaintiff's residence at 1643 North "I" Street in Fremont, Nebraska (the "Fremont residence") and Defendants PDC and Lamson Dugan, who along with Judge Hall are engaged in "ongoing harassment" of Plaintiff. Id. at 5. Plaintiff also appears to allege that PDC and its owner Michael Endorf ("Endorf") performed faulty work on Plaintiff's house after Plaintiff suffered a "house fire in 2019," Id. at 5 & 15–16, and that Endorf stole certain property and "attempt[ed] to kill" Plaintiff and Debra

    1st - by breaking open all the gas lines in the house;

2nd - by Hot-Wiring the electrical such that it would have caught fire inside the wall; &

3rd - He poisoned the house with 300lbs. of burned vinyl LP records - creating Poly-Chloro Benzene & Heavy Metals - THE WORST POISONS & CARCINOGENS THERE ARE.

*Id.* at 9–10.

A search of Nebraska state court records shows that a trial order and final judgment was entered on February 21, 2023, by Judge Hall in *Paul Davis Systems of Omaha, Inc. d/b/a Paul Davis Restoration of Omaha v. James A. Davis and Debra A. Davis*, No. CI19-555, District Court of Dodge County, Nebraska, in which Judge Hall entered judgment in favor of PDC after a bench trial at which Plaintiff and Debra did not appear and PDC was represented by Lamson Dugan.[1] Judge Hall entered judgment in the total amount of $170,299.16 against Plaintiff and Debra, which included a judgment of $115,871.68 in favor of PDC on its cause of action for foreclosure of a construction lien. In relevant part, Judge Hall found:

(1) PDR[2] had a residential improvement contract under the Nebraska Construction Lien Act with the Defendants,[ the Davises,] the owners of the real property located at 1643 N. I Street in Fremont, Dodge County, Nebraska 68025. The scope of the parties' contract included restoration of the Defendants' residence and the cleaning of Defendants' contents, the sorting, packing and removal of which was a prerequisite to PDR being able to perform the restoration work;

(2) Pursuant to the contract, PDR performed work and provided materials totaling $170,768.83. The work was done in a good and workmanlike manner and at a cost that was fair and reasonable and consistent with industry standards. In total, PDR received payments totaling $54,897.15, leaving a balance owed under the contract of $115,871.68;

---

[1] The Court takes judicial notice of the state court records. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[2] PDR is the abbreviation used by Judge Hall to refer to Paul Davis Systems of Omaha, Inc. d/b/a Paul Davis Restoration of Omaha, which is clearly the same entity identified as Paul Davis Company ("PDC") in the Complaint.

3

> (3) Following Defendants' failure to pay the outstanding balance, PDR filed a valid lien on Defendants' property in accordance and compliance with the Construction Lien Act, including providing Defendants with timely notice of the lien . . . .

Trial Order and Final Judgment dated Feb. 21, 2023, No. CI19-555, District Court of Dodge County, Nebraska (see attached pdf). Judge Hall further ordered that the Davises would be deemed in default after 30 days for any unpaid amount owed on the judgment and, upon such default, the Fremont residence shall be sold by the Sheriff of Dodge County, Nebraska, and the proceeds applied to satisfy the judgment of PDC. *Id.* The state court records indicate that the Fremont residence was sold by the Dodge County Sheriff on June 2, 2023.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

4

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF CLAIMS

**A. Co-Plaintiff Debra A. Davis**

As an initial matter, Plaintiff named Debra as a plaintiff in the caption of his Complaint, but Debra did not sign the Complaint. *See* Filing No. 1 at 5. Plaintiff indicates Debra is his spouse, and Plaintiff also indicates he is an attorney as he has included his bar number underneath his signature block. *Id*. However, a search of the Nebraska Attorney Services Division's online records of attorneys licensed to practice in the State of Nebraska shows that Plaintiff's license status is currently "Disability Inactive" and subject to an administrative suspension. *See* https://mcle.wcc.ne.gov/ext/SearchLawyer.do (search result for "Davis, James") (Last visited June 13, 2023). The Court's records also do not show that Plaintiff has been admitted to practice in this Court. *See* NEGenR 1.7(a) ("The bar of this court consists of

persons admitted to practice before the court."); NEGenR 1.7(d) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court.").

Plaintiff cannot represent Debra's interests in federal court. First, Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the Court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Second, it is improper for a non-lawyer, or, in this case, a lawyer without a valid law license and not admitted to the bar of this Court, to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)); *see also Vaidya v. Kijakazi*, No. CV 22-11208-LTS, 2022 WL 16702409, at *1 (D. Mass. Oct. 4, 2022) (retired attorney not admitted to the bar of the federal court could not act on behalf of attorney's sister in benefits dispute between sister and government agency). Thus, the Court does not consider Debra as a plaintiff in this action.

**B. RICO Claim**

Liberally construed, Plaintiff alleges the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

6

activity or collection of unlawful debt." *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 428 (8th Cir. 2009) (quoting 18 U.S.C. § 1962(c)). "RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege,* 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). However, RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006). "A violation of § 1962(c) requires [a plaintiff] to show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Nitro Distrib.,* 565 F.3d at 428 (quoting *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)). "Plaintiffs must allege each of these RICO elements to state a claim." *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 355 (8th Cir. 2011) (quoting *Gamboa,* 457 F.3d at 705) (cleaned up).

     A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2009). Even when considered together with the Motion for Emergency Temporary Restraining Order, Plaintiff has alleged no facts to show there was an association-in-fact enterprise between any of the Defendants. Plaintiff also fails to allege the necessary "pattern" of racketeering activity required by *Sedima,* 473 U.S. at 496 n.14. Rather, at most, he only alleges that Judge Hall, Lamson Dugan, and PDC acted to collect a debt through the sale of the Fremont

7

residence. *See, e.g.,* Deviries v. Prudential-Bache Sec., Inc., 805 F.2d 326, 329 (8th Cir. 1986) ("Deviries claims that defendants engaged in a 'pattern' of allegedly fraudulent securities sales over the course of six years. However, each of the activities comprising the 'pattern' pertains to alleged misrepresentations and 'churning' in connection with Deviries's account. . . . If proven, defendants' actions at worst would comprise one scheme to generate excessive sales commissions by recommending unsuitable investments and churning Deviries's account. This is insufficient to state a RICO claim."); Rolfes v. MBNA Am. Bank N.A., 416 F. Supp. 2d 745, 753 (D.S.D. 2005), *aff'd*, 219 F. App'x 613 (8th Cir. 2007) ("Mere allegations that [bank], its attorneys and the presiding judge defrauded Plaintiff in the course of collecting a debt cannot raise this single attempt to collect a debt to the level of a federal RICO violation."). Plaintiff's failure to allege facts in support of the enterprise and pattern elements is fatal to his RICO claim.

**C. *Rooker-Feldman* Doctrine**

To the extent Plaintiff may be asserting other federal civil rights claims, *see* Filing No. 1 at 4, the Court finds that such claims would be barred pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005). *See* D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'"

*Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. See *West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Plaintiff seeks a stay to prevent the enforcement of Judge Hall's judgment in favor of PDC. The Court cannot grant such relief as to do so would effectively reverse or undermine the state court judgment. Thus, Plaintiff's claims against Defendants seeking relief from the court-ordered sale of the Fremont residence are barred by *Rooker-Feldman* and must be dismissed.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a RICO claim upon which relief may be granted against Defendants and any other federal claims contained in the Complaint are barred

by the *Rooker-Feldman* doctrine. Accordingly, the Court will dismiss this matter without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff James A. Davis' Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. Plaintiff's pending Motion for Emergency Temporary Restraining Order, Filing No. 3, is denied as moot.

Dated this 15th day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

Filed in Dodge District Court
*** EFILED ***
Case Number: D05CI190000555
Transaction ID: 0019548341
Filing Date: 02/21/2023 12:18:53 PM CST

Last visited June 13, 2023

IN THE DISTRICT COURT OF DODGE COUNTY, NEBRASKA

| | | |
|---|---|---|
| PAUL DAVIS SYSTEMS OF OMAHA, INC. d/b/a PAUL DAVIS RESTORATION OF OMAHA, a Nebraska Corporation, | ) ) ) ) ) | Case No.: CI 19-555 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **TRIAL ORDER AND FINAL JUDGMENT** |
| JAMES A. DAVIS and DEBRA A. DAVIS, a married couple, | ) ) ) | |
| Defendants. | ) | |

    THIS MATTER came before the Court for a bench trial on February 9, 2023. The trial, which has been set since August 29, 2022, was scheduled to commence at 9:30 a.m. At the set date and time, Plaintiff Paul Davis Systems Of Omaha, Inc., d/b/a Paul Davis Restoration Of Omaha (hereinafter, "PDR"), was present through a corporate representative and represented by counsel of record, Cathy S. Trent-Vilim. Defendants did not appear. The trial began at approximately 10 a.m., at which time Plaintiff presented testimony from witnesses and offered numerous exhibits into evidence. In addition to receiving the testimony and exhibits into evidence, the Court also took judicial notice of the court file.

    Upon completion of the evidence, the Court recessed so it could review the court file, the exhibits received into evidence, and its notes from the trial. Having done so, the Court now makes the following findings:

    1.    The Court has jurisdiction over the parties and subject matter;

    2.    Final judgment is entered in favor of Plaintiff and against Defendants in the total amount of $170,299.16, determined as follows:

1

a. As to Plaintiff's Second Cause of Action (Foreclosure of Construction lien), the Court finds:

(1) PDR had a residential improvement contract under the Nebraska Construction Lien Act with the Defendants, the owners of the real property located at 1643 N. I Street in Fremont, Dodge County, Nebraska 68025. The scope of the parties' contract included restoration of the Defendants' residence and the cleaning of Defendants' contents, the sorting, packing and removal of which was a prerequisite to PDR being able to perform the restoration work;

(2) Pursuant to the contract, PDR performed work and provided materials totaling $170,768.83. The work was done in a good and workmanlike manner and at a cost that was fair and reasonable and consistent with industry standards. In total, PDR received payments totaling $54,897.15, leaving a balance owed under the contract of $115,871.68;

(3) Following Defendants' failure to pay the outstanding balance, PDR filed a valid lien on Defendants' property in accordance and compliance with the Construction Lien Act, including providing Defendants with timely notice of the lien; and

(4) Judgment is entered in favor of Plaintiff on its Second Cause of Action (Foreclosure of Construction Lien) in the amount of $115,871.68.

b. As to Plaintiff's Fourth Cause of Action (Quantum Meruit) and Fifth Cause of Action (Storage Fees), the Court finds in favor of Plaintiff and awards storage fees at the rate of $181 per month for 39 months, for a total of $7,059.00.

c. As to Plaintiff's prayer for prejudgment interest, the Court finds as follows:

2

 (1) Plaintiff is entitled to prejudgment interest pursuant to Neb. Rev. Stat. § 45-104;

 (2) Pursuant to *Weyh v. Gottsch*, 303 Neb. 280 (2019), interest began to accrue on September 20, 2019, the date the lien was filed, and continued to accrue at the statutory rate of twelve percent (12%) per annum until the date of the trial, February 9, 2023;

 (3) There are 1,238 days between September 20, 2019 and February 9, 2023;

 (4) Under the formula set by the Nebraska Supreme Court in *Weyh*, the Court calculates prejudgment interest as follows:

$$\$115{,}871.68 \times 12\% \times (1{,}238/365) = \$47{,}136.60$$
$$\text{or}$$
$$\$115{,}871.68 \times .12 \times 3.39 = \$47{,}136.60$$

 (5) Plaintiff is awarded prejudgment interest in the amount of $47,136.60

 d. Plaintiff is awarded court costs in the amount of $231.88.

 3. Plaintiff previously dismissed its First Cause of Action (Breach of Contract) without prejudice, and so the Court makes no findings on this claim;

 4. Plaintiff has failed to meet its burden on its Third Cause of Action for Unjust Enrichment;

 5. Plaintiff's request for attorney fees is denied. The parties shall pay their own attorney fees.

 6. Plaintiff is awarded post judgment interest;

 7. Defendants are ordered to remove, at their own expense and effort, the personal property currently being stored by PDR. The property must be

Last visited June 13, 2023

removed on or before 5:00 p.m. Central time on February 28, 2023. If Defendants fail to remove their property as ordered, PDR is authorized to dispose of Defendants' property by any method of PDR's choosing without notice and without any recourse by Defendants.

      8.     The proceeds being held at PenFed Credit Union subject to the Court's Anti-Hypothecation Order dated November 2, 2020 (Account Numbers ending in 02-3 and 01-4) shall be paid to PDR no later than five (5) business days from the date of this judgment;

      9.     After thirty (30) days from the entry of judgment, Defendants shall be deemed to be in default for any unpaid amount owed on the judgment, subject to any setoff or credit in the amount of the proceeds paid from the aforementioned bank accounts;

      10.    Upon Defendants being deemed in default, Defendants' real property, located at 1643 N. I Street in Fremont, Dodge County, Nebraska 68025, shall be sold by the Sheriff of Dodge County, Nebraska, and the proceeds applied to satisfy the judgment of Plaintiff PDR, subject only to any claim or interest deemed superior under Nebraska law;

      11.    In the event of such sale, all junior interests in Defendants' property, including those of Defendants James and Debra Davis, shall be foreclosed of all right, title, interest, and equity of redemption in and to Defendants' property and a writ of assistance shall be issued directly to the Sheriff of Dodge County, Nebraska, to place the purchaser at the aforesaid sale in possession of said premises.

      12.    All other claims, motions, or requests for relief are denied.

IT IS SO ORDERED this __21st__ day of February, 2023.

BY THE COURT:

*Geoffrey C. Hall* (signature)

Honorable Geoffrey C. Hall
District Court Judge

Prepared and submitted by:
Cathy S. Trent-Vilim, #22489
Lamson Dugan & Murray LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3643
Tele: (402) 397-7300
Fax:: (402) 397-7824
ctrent-vilim@ldmlaw.com
*ATTORNEYS FOR PLAINTIFF*

#763164

Last visited June 13, 2023

5

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 21, 2023 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

James A Davis
1643 North I Street
Fremont, NE 68025

Debra Davis
1643 North I Street
Fremont, NE 68025

Michael G Mullin
michael.mullin@kutakrock.com

Cathy S Trent-Vilim
ctrent-vilim@ldmlaw.com

Drew D Engle
dengle@ldmlaw.com

Date:   February 21, 2023     BY THE COURT: _____
                                                    CLERK

Last visited June 13, 2023